UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA**

    v.                             Case No. 6:22-cr-9-GAP-GJK
                                                         (Forfeiture)

**JOSEPH ELLICOTT**

## UNITED STATES' MOTION FOR ENTRY
## OF ORDER OF FORFEITURE

The United States respectfully moves this Court, pursuant to 18 U.S.C. § 982(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2), to enter an order of forfeiture in the amount of $6,000, representing the amount of proceeds the defendant obtained from his conspiracy to commit wire fraud, which, upon entry, should become final as to the defendant. In support thereof, the United States submits the following memorandum of law.

## MEMORANDUM OF LAW

**I.**     **Statement of Facts**

     1.      On January 24, 2022, a two count Information was filed. Count One charged the defendant with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349. Doc. 1. The Information also contained forfeiture allegations, which noticed the defendant that the United States, pursuant to 18

U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), would seek to forfeit any property, real or personal, which constituted or was derived from proceeds traceable to the violation. *Id.* at 7.

2. On January 24, 2022, the United States and the defendant entered into a plea agreement. Doc. 4. In paragraph 13 of his plea agreement, entitled "Forfeiture of Assets," the defendant agreed that he obtained $6,000 in proceeds as a result of the offense charged in Count One. *Id.* at 8. He further admitted that as a result of his acts and omissions, the proceeds he obtained from his conspiracy to commit wire fraud were transferred to third parties and could not be located by the government upon the exercise of due diligence. *Id.* at 9.

3. On February 9, 2022, the defendant pled guilty to Count One of the Information. Doc. 18. On February 10, 2022, the Court accepted the plea of guilty and adjudicated the defendant guilty as to Count One. Doc. 30. The defendant is scheduled to be sentenced on May 24, 2022. Doc. 35.

## II. Applicable Law

The Court's authority to order forfeiture of property for conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, is found in 18 U.S.C. § 981(a)(1)(C), which provides for the civil forfeiture of any property, real or personal, which constitutes or is derived from proceeds from any offense

constituting "specified unlawful activity."  The term "specified unlawful activity" includes offenses listed in 18 U.S.C. § 1961(1).  18 U.S.C. § 1956(c)(7)(A).  Specifically, 18 U.S.C. § 1961(1)(B) includes as an offense any act which is indictable under 18 U.S.C. § 1349.  Although § 981(a)(1)(C) is a civil forfeiture statute, 28 U.S.C. § 2461(c) authorizes the criminal forfeiture of any property that can be forfeited civilly using the procedures for the criminal forfeiture and disposition of property set forth in 21 U.S.C. § 853.

Pursuant to Rule 32.2(b)(2), because the United States could not locate the specific property constituting or derived from the proceeds the defendant obtained from her wire fraud scheme, the United States seeks an order of forfeiture against the defendant in the amount of proceeds she obtained from the wire fraud. Indeed, for cases in which a defendant no longer has the actual dollars or property traceable to proceeds in his/her possession, or the government cannot locate those assets, the obligation to forfeit simply takes the form of an order of forfeiture in favor of the United States.  *See United States v. Padron*, 527 F.3d 1156, 1161-62 (11th Cir. 2008).

Rule 32.2(b)(1) provides that the court must determine the amount of money that the defendant will be ordered to pay.  The Court's determination may be

based on evidence submitted by the parties and accepted by the Court as relevant and reliable. Fed. R. Crim. P. 32.2(b)(1)(B).

Here, the defendant admitted in the Factual Basis of the Plea Agreement that in January 2017, the defendant, was hired by a government agency in Seminole County (referred to herein as the "Governmental Agency") as a Special Projects Manager. The elected head of the Governmental Agency was a public official and Ellicott's friend (referred to herein as the "Public Official"). From an unknown date, but beginning at least by in or around January 2017, and continuing thereafter through and including in or around 2019, Ellicott, the Public Official, and a contractor with the Governmental Agency (referred to herein as the "Contractor Conspirator") conspired with each other to commit wire fraud and honest services fraud. The purpose of the conspiracy was for the Public Official to secretly use his official position to enrich himself by soliciting and accepting gifts, payments, and others things of value from the Contractor Conspirator and the Contractor Conspirator's company in exchange for favorable official action, and for the Contractor Conspirator to enrich the Contractor Conspirator and the Contractor Conspirator's company by secretly obtaining favorable official action for the Contractor Conspirator and the Contractor Conspirator's company through corrupt means. Factual Basis at 21-24.

On or about that date, at approximately 11:51 a.m., the defendant attempted to call the Contractor Conspirator. *Id.* at 24. The Contractor Conspirator called back at approximately 12:08 p.m. At approximately 1:21 p.m., the Public Official called the Contractor Conspirator. *Id.* at 24-25. After that, the Contractor Conspirator went to a branch of Wells Fargo in the Middle District of Florida where the Contractor Conspirator had personal accounts and withdrew $6,000 in cash from the Contractor Conspirator's personal savings account. This transaction occurred at approximately 1:42 p.m. At approximately 1:58 p.m., the Contractor Conspirator called the defendant. *Id.* at 25.

Once the Contractor Conspirator had the cash, the Contractor Conspirator met with the defendant in the Middle District of Florida. The defendant knew that the Contractor Conspirator was paid by the Governmental Agency and that the Public Official was involved in authorizing the contract for the Contractor Conspirator. The Contractor Conspirator provided the defendant with the $6,000 in cash, which he knew was cash that the Contractor Conspirator was paying to the Public Official. To conceal the illegality of the kickback that was being paid, the Contractor Conspirator devised a false cover story that the cash that the Contractor Conspirator provided to the defendant was for the purchase of a portion of the defendant's business, Uncle Joe's Coins. The defendant and the Contractor

Conspirator knew that this cover story was false and fraudulent and was only intended on attempting to conceal the fact that the Contractor Conspirator was illegally paying cash to the Public Official in case someone questioned the transaction later. The defendant knew that the transaction was illegal, in part, due to the fact that it was made in cash, that the money was being given to the Public Official by someone who was being paid by the Governmental Agency on a contract, and that the Contractor Conspirator had devised a false cover story to conceal the true purpose of the transaction. *Id.* at 25-28.

Pursuant to Rule 32.2(b)(2), if the Court finds that the defendant obtained $6,000 in proceeds from his conspiracy to commit wire fraud, then the Court must enter an Order of Forfeiture in that amount.

**IV.    Conclusion**

WHEREFORE, the United States respectfully requests that this Court enter an Order of Forfeiture for the $6,000 in proceeds the defendant admits he fraudulently obtained as a result of his conspiracy to commit wire fraud, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2), Federal Rules of Criminal Procedure.

The United States further requests that, because the $6,000 in proceeds was dissipated by the defendant, the United States may seek, as a substitute asset,

pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), forfeiture of any of the defendant's property up to the value of the proceeds obtained.

As required by Rule 32.2(b)(4)(B), the United States further requests that the Court include the forfeiture when orally announcing the sentence, and include the forfeiture order in the judgment. *See United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000) and Fed. R. Crim. P. 32.2(b)(4)(A) and (B).

        Respectfully submitted,

        ROGER B. HANDBERG
        United States Attorney

By:   s/James A. Muench
       JAMES A. MUENCH
       Assistant United States Attorney
       Florida Bar Number 472867
       400 North Tampa Street, Suite 3200
       Tampa, Florida 33602
       (813) 274-6000 – telephone
       E-mail: james.muench2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Robert Mandell, Esquire
Joseph Zwick, Esquire

        By: s/James A. Muench
           JAMES A. MUENCH
           Assistant United States Attorney